# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRADLEY STEPHEN COHEN, et al.,

    Plaintiff(s),

v.

ROSS B. HANSEN, et al.,

    Defendant(s).

2:12-CV-1401 JCM (PAL)

## ORDER

Presently before the court is defendants', Ross B. Hansen and Northwest Territorial Mint, LLC, motion to set aside clerk's entry of default. (Doc. # 18). Plaintiffs, Bradley Stephen Cohen and Cohen Asset Management, Inc., have filed a response. (Doc. #22). The response is essentially a non-opposition.

Also before the court is defendants' motion to dismiss. (Doc. #20). Plaintiffs have filed a response (doc. #24), and defendants have filed a reply (doc. # 26).

Also before the court is plaintiffs' motion to amend/correct complaint. (Doc. # 34). Defendants filed a non-opposition to the motion. (Doc. # 36).

The plaintiffs have agreed to set aside the clerk's entry of default and litigate the suit as against defendants Ross B. Hansen and Northwest Territorial Mint, LLC, on the merits. It is preferable to resolve claims on their merits as opposed to procedural technicalities. "The Federal Rules provide that a 'court may set aside an entry of default for good cause. . . .'" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2011) (quoting

**James C. Mahan**
**U.S. District Judge**

1  Fed.R.Civ.P. 55©).

2  "To determine 'good cause', a court must 'consider three factors: (1) whether the party
3  seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had
4  no meritorious defense; or (3) whether reopening the default judgment would prejudice the other
5  party." *Id.*  The court finds good cause to grant the motion to set aside the clerk's default.

6  Additionally, plaintiffs seek leave to amend their complaint and defendants do not oppose.
7  Discovery has yet to commence.  Federal Rule of Civil Procedure 15(a)(2) provides "[t]he court
8  should freely give leave when justice so requires."  "[T]his policy is to be applied with extreme
9  liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  The court
10 finds good cause to permit plaintiffs to amend the complaint.

11 Defendants' previously filed motion to dismiss is mooted by the motion to amend.  The
12 motion is denied as moot without prejudice.  Defendants may re-file a motion to dismiss.

13 Accordingly,

14 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants', Ross B.
15 Hansen and Northwest Territorial Mint, LLC, motion to set aside clerk's entry of default (doc. # 18)
16 be, and the same hereby, is GRANTED.

17 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants', Ross B.
18 Hansen and Northwest Territorial Mint, LLC, motion to dismiss (doc. # 20) be, and the same hereby,
19 is DENIED as moot.  The motion is denied without prejudice.

20 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to
21 amend/correct complaint (doc. # 34) be, and the same hereby, is GRANTED.  Plaintiffs shall file the
22 amended complaint attached as exhibit 1 within ten (10) days of the publication of this order.

23 DATED March 1, 2013.

*James C. Mahan*

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -