1
2
3
4           **UNITED STATES DISTRICT COURT**
5              **DISTRICT OF NEVADA**
6
7    BRADLEY STEPHEN COHEN, et al.,            )
8                          Plaintiffs,          )      Case No. 2:12-cv-01401-JCM-PAL
                                                )
9    vs.                                        )          **ORDER**
                                                )
10   ROSS B. HANSEN, et al.,                    )
                                                )      (Mot Compel - Dkt. #50)
11                         Defendants.          )
     _____)
12
13          The court held a hearing on Plaintiffs' Motion to Compel Initial Disclosures and Document
14   Production from Defendants Ross B. Hansen and Northwest Territorial Mint, LLC (Dkt. #50) on April
15   16, 2013.  The court has considered the Motion, Defendants' Response (Dkt. #58), Plaintiffs' Reply
16   (Dkt. #61), and the arguments of counsel at the hearing.  Robert Mitchell appeared on behalf of the
17   Plaintiffs.  John Aldrich appeared in person and Dean von Kallenbach appeared telephonically on
18   behalf of the Defendants.
19          Plaintiffs seek an order compelling the Defendants to serve initial disclosures.  On January 18,
20   2013, the court held a scheduling conference and directed counsel to make their Rule 26(a)(1)
21   disclosures within fourteen days of the hearing.  Plaintiffs served Defendants with their initial
22   disclosures January 28, 2013.  However, as of the date of the hearing, Defendants had not yet served
23   theirs.  Additionally, Plaintiffs seek an order compelling Defendants to respond to document production
24   requests.  On February 15, 2013, Plaintiffs served Defendants with Plaintiffs' first request for
25   production of documents relevant to Plaintiffs' claims and Hansen's pending motion to dismiss for
26   alleged lack of personal jurisdiction and improper venue.  At the time the motion to compel was filed,
27   Defendants had not yet served responses.
28   / / /

1    Defendants filed a short opposition to the motion indicating the request for production requested

2    a substantial number of documents.  On March 1, 2013, the district judge granted Cohen's motion to

3    amend his complaint to add Steven Firebaugh, a Northwest employee, as a Defendant.  Plaintiffs served

4    Firebaugh with a request for production of documents similar to the one at issue in this motion on

5    March 21, 2013.  Defendants represent that Northwest has hundreds of employees, and that examining a

6    company's records including emails for responsive documents, reviewing them for privilege and

7    scanning them took a significant amount of time and effort.  By the time the opposition to this motion

8    was filed, on April 12, 2013, Northwest completed this effort and emailed the Defendants' responses to

9    Plaintiffs' counsel with a copy of the scanned documents and a privilege log.  Counsel for Defendants

10   represented that hard copies of the responses and a disk containing the documents would be delivered to

11   Cohen's counsel on Monday, April 15, 2013.  Northwest indicates that it has now fully complied with

12   Cohen's request for production of documents and requests that the court deny the motion to compel.

13   During oral argument, counsel for Plaintiffs indicated that he had just received the Defendants'

14   responses and believed that the document production was incomplete. Plaintiffs requested five forms of

15   relief from the court.  First, he indicated that the documents he had been able to review referred to

16   enclosures and faxes that were not produced with the documents.  He inquired and was told that they

17   were not available.  He therefore requested that the court direct that Defendant Hansen provide a

18   declaration that he had made a good-faith effort to search for all responsive documents and produced all

19   responsive documents.  Second, Firebaugh's responses to the request for production of documents are

20   due April 22, 2013.  Counsel for Plaintiffs requested that Firebaugh be ordered to timely respond and

21   produce these documents when due.

22   Third, Request for Production No. 10 requested financial records relevant to Plaintiffs' punitive

23   damages claims.  Hansen and Northwest responded by objecting.  Plaintiffs ask that the court deem the

24   Defendants' untimely response a waiver of their right to object.  Plaintiffs also request that the court

25   find, on the merits, that the financial records are relevant to Plaintiffs' punitive damages claims because

26   there is no dispute the website at issue in this case was set up by the Defendants to discourage the

27   Plaintiffs, and has not been taken down despite Plaintiffs' demands.  Fourth, Plaintiff requested that

28   either the court conduct an *in camera* review of thirty documents withheld on the basis of privilege

2

1   listed on Defendants' privileged document log, or refer the matter to a special master for this purpose.

2   Twenty-six of the thirty documents listed on Defendants' privileged document log involve

3   communications before the lawsuit was filed, and involve communications between employees and in-

4   house counsel.  Counsel for Plaintiffs is doubtful that these communications are genuinely privileged.

5   Fifth, Plaintiffs requested that the court extend the April 30, 2013, deadline for filing amendments to

6   the complaint until mid-June based on the delay in receiving any discovery responses from the

7   Defendants.

8          Counsel for Defendants responded that he had worked diligently on providing the responses to

9   the request for production of documents.  The five requests for relief addressed by the Plaintiffs were

10  addressed at the hearing for the first time.  However, counsel for Defendants responded that he believed

11  the document production was complete.  If Plaintiffs have any specific concerns about gaps in the

12  production, he is happy to confer with the client and respond to Plaintiffs concerns.  He had no

13  objection to providing a declaration from Mr. Hansen as requested.  Counsel for Defendants had hoped

14  to provide Defendant Firebaugh's responses to the request for production on the date due.  However,

15  Mr. Firebaugh's mother died last week and he had intended to request a two-week extension.  With

16  respect to the financial records, Defendants objected to providing them because they are only relevant to

17  a punitive damages claim, and Plaintiffs have not come close to making a *prima facie* case that punitive

18  damages are recoverable.  Defense counsel has no objection to producing the documents listed on the

19  privilege log to the court for *in camera* review.  However, he represented that the documents were

20  carefully reviewed and only a small number were determined to be privileged and withheld on this

21  basis.  Counsel for Defendants had no objection to the request to extend the deadline for filing motions

22  to amend the complaint.  Finally, counsel for Defendants agreed to serve opposing counsel with

23  Defendants' initial disclosures next week.

24         It is undisputed that Defendants did not timely serve their initial disclosures or responses to

25  Plaintiffs' discovery requests.  However, the responses have now been served, and the initial

26  disclosures should be served by next week.  Counsel for Plaintiff has not yet had an opportunity to fully

27  review the documents that have been produced to determine whether the disclosures are complete.

28  Counsel have also not met and conferred to discuss the adequacy of the privilege log or the propriety of

3

the documents withheld.  The court advised counsel that with respect to financial records relevant to punitive damages the court normally requires parties to serve responsive records after decision of dispositive motions if any punitive damages claim survives, but would consider other alternatives suggested by the parties.  The court will therefore conduct a status and dispute resolution conference in approximately three weeks, after Defendant Firebaugh's responses are due, to address any remaining issues and any further requests for relief.  The court directed counsel for the parties to meet and confer with respect to the issues addressed in the motion and at the hearing, and to be fully prepared to address any remaining issues at the status and dispute resolution conference.

**IT IS ORDERED** that:

1.     Plaintiffs' Motion to Compel Initial Disclosures is **GRANTED** and Defendants shall produce initial disclosures no later than **Friday, April 26, 2013**.

2.     Plaintiffs' Motion to Compel Production of Documents is **GRANTED**.

3.     A discovery and dispute resolution conference is set for **Tuesday, May 7, 2013, at 9:00 a.m, in Courtroom 3B**.

4.     The parties shall file a joint status report identifying any remaining disputes that require the court's resolution no later than **Thursday, May 2, 2013**.  The joint status report shall identify any remaining disputes with sufficient specificity to allow the court to resolve the dispute without further motion practice.

5.     The deadline to file motions to amend the pleadings is extended until **June 28, 2013**.

Dated this 17th day of April, 2013.

Peggy A. Leen
United States Magistrate Judge

4