Robert D. Mitchell (Arizona State Bar No. 011922), *admitted pro hac vice*
MITCHELL & ASSOCIATES, P.C.
1850 North Central Avenue, Suite 2030
Phoenix, Arizona  85004
Telephone: (602) 468-1411
Facsimile: (602) 468-1311
Email: robertmitchell@mitchell-attorneys.com

Anthony Michael Glassman (California State Bar No. 37934), *admitted pro hac vice*
GLASSMAN, BROWNING, SALTSMAN & JACOBS, INC.
360 North Bedford Drive, Suite 204
Beverly Hills, California 90210-5157
Telephone: (310) 278-5100
Facsimile: (310) 271-6041
Email:  amg@gbsjlaw.com

Richard Schonfeld (NSB No. 6815)
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada  89101
Telephone: (702) 384-5563
Facsimile: (702) 598-1425
Email: rschonfeld@cslawoffice.com

Attorneys for Plaintiffs BRADLEY STEPHEN COHEN
and COHEN ASSET MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT

# STATE OF NEVADA – LAS VEGAS

| | |
|---|---|
| BRADLEY STEPHEN COHEN, an individual; and COHEN ASSET MANAGEMENT, INC., a California corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>ROSS B. HANSEN, an individual; NORTHWEST TERRITORIAL MINT, LLC, a Washington limited liability company; and STEVEN EARL FIREBAUGH, an individual,<br><br>  Defendants. | Case No. 2:12-cv-01401-JCM-PAL<br><br>**PROTECTIVE ORDER** |

Based upon the parties' Stipulation, and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. "Confidential information" shall mean for purposes of this order information or documents that are not publicly available from the producing party and are: (1) commercially sensitive; (2) private or personal; (3) proprietary; or (4) a trade secret.

2. The parties may designate any document or information produced by them as "confidential" by stamping the document or information to that effect prior to production.

3. If any party inadvertently discloses documents or information without the "confidential" designation that the party intended to mark "confidential," the provisions of this stipulated protective order will apply to said documents or information once such information and/or documents are identified by the producing party as "confidential". In addition, if any party inadvertently discloses documents or information that are subject to the attorney-client privilege, the work product doctrine, and/or constitute materials prepared in anticipation of litigation or trial ("Privileged Documents"), all receiving parties agree to return such documents and information (and all hard copies and/or electronic copies thereof) to the disclosing party immediately upon learning of their status as Privileged Documents and shall refrain from using or disclosing such documents and information in this action or for any other purpose.

4. All information and documents designated as confidential shall be accorded confidential status until such time as determined otherwise pursuant to the following provision of the Order.

5. All "confidential information" shall be used only as evidence for this litigation, and shall not be used for any business, commercial or competitive purposes, shall not be published on the internet or in any publication, shall not be used to harass, embarrass or injure the producing party, and shall not be revealed,

discussed or disclosed in any manner or in any form, to any person or entity except as authorized herein. Subject to the foregoing, such information may be disclosed to the following:

    (a)    The Court and Court personnel including court reporters retained by the parties;

    (b)    Counsel (including in-house counsel) representing the parties;

    (c)    An employee or agent of counsel representing the parties to whom it is necessary the material be shown for purposes of litigation;

    (d)    A party or officers, directors, agents or employees of a party who have the need to know such information for purposes of this litigation; and

    (e)    Experts or professional advisors and the persons regularly employed in their offices retained by a party to assist in the prosecution or defense or this action, but only to the extent necessary for such persons to perform their assigned tasks with this action.

6. All such use of "confidential information" by the persons listed above shall conform with the provisions of the Order.

7. Information marked "Confidential" shall not be shown or disclosed to persons described in Paragraph 5(d) and 5(e) until those persons shall be shown this Protective Order and sign a written agreement to be bound by the terms of this Protective Order, Ex. 1 hereto.

8. The original and copies of the signed agreement(s) shall be maintained in the possession, custody and control of counsel.

9. All persons who receive "confidential information" and/or material or information accorded the status of confidentiality in this action shall:

    (a)    Maintain the confidentiality of such material and information in accordance with the terms of this Protective Order; and

(b)     Not release or disclose the "confidential information" or the nature, substance or contents thereof to competitors of the parties or others who would or could use it for their own benefit.

10.     Copies of disclosure statements, discovery responses and documents (including expert reports) containing "confidential information," shall not be filed with the court, except in accordance with Paragraph 11-13 herein.

*Not approved. Modified by the court.* →

~~11.     In the event any document, exhibit, or any other submission by any party is filed with the Court that includes, incorporates or quotes "confidential information," such filings shall be submitted in sealed envelopes endorsed to the effect they are sealed pursuant to this Protective Order by reason of containing "confidential information." They shall be maintained under seal and not disclosed, except to the Court or upon further Order of the Court.~~

12.     To the extent that any "confidential information" is used in the taking of depositions, such "confidential information" shall remain subject to the provisions of this Order. At the time any "confidential information" is used in any deposition, counsel using the confidential information must inform the reporter of this Order. The reporter shall operate consistently with this Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing confidential information.

13.     The parties and their counsel may designate specific portions of depositions or other testimony concerning the documents contained therein as "confidential information" by:

(a)     Stating orally on the record the day the testimony is given that the specific information that is expected to be "confidential;" and/or

(b)     Sending written notice designating by page and line the portions of the transcript of the deposition or other testimony to be treated as "confidential" within ten days after receipt of the transcript.

14. The execution of this Protective Order shall not in any way detract from the right of a party to object to the production of discovery materials on grounds other than confidentiality.

15. Failure by a party to challenge the confidentiality of any document or information at the time of receipt thereof shall not preclude a subsequent challenge thereto.

16. In the event a party to this litigation disagrees with the designation of any information as "confidential," the parties shall attempt to resolve the dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, the party contesting the confidentiality of the material may, by sealed motion setting forth with specificity the items challenged, seek an Order freeing the material in question from the designation. The party asserting the documents or other tangible litigation materials constitute confidential information bears the burden of proof that the terms of this Protective Order should apply. The parties shall comply with the designation under the provisions of this Protective Order until further Order of the Court.

17. Within 30 days of the conclusion of this litigation as to all parties, all materials designated as "confidential information," and all copies thereof, shall be destroyed or returned to counsel for the disclosing party and shall remain subject to the terms of this Protective Order. Counsel for the parties are responsible for retrieving from their retained experts all materials designated as "confidential information" and destroying or returning them.

18. The parties consent to the continuation of jurisdiction and venue of this Court to resolve any disputes arising from the treatment or disposition of materials designated as "confidential information" after conclusion of this litigation.

19. This Protective Order shall not be abrogated, modified, amended or enlarged except by agreement of the parties or by Order of this Court, with notice given to each of the parties.

1     EXECUTED this 6yj day of Lwpg, 2013.

                                                       The Honorable Peggy A. Leen
                                                       United States District Court Magistrate Judge

Robert D. Mitchell (Arizona State Bar No. 011922), *admitted pro hac vice*
MITCHELL & ASSOCIATES, P.C.
1850 North Central Avenue, Suite 2030
Phoenix, Arizona  85004
Telephone: (602) 468-1411
Facsimile: (602) 468-1311
Email: robertmitchell@mitchell-attorneys.com

Anthony Michael Glassman (California State Bar No. 37934), *admitted pro hac vice*
GLASSMAN, BROWNING, SALTSMAN & JACOBS, INC.
360 North Bedford Drive, Suite 204
Beverly Hills, California 90210-5157
Telephone: (310) 278-5100
Facsimile: (310) 271-6041
Email:  amg@gbsjlaw.com

Richard Schonfeld (NSB No. 6815)
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada  89101
Telephone: (702) 384-5563
Facsimile: (702) 598-1425
Email: rschonfeld@cslawoffice.com

Attorneys for Plaintiffs BRADLEY STEPHEN COHEN
and COHEN ASSET MANAGEMENT, INC.

**UNITED STATES DISTRICT COURT**

**STATE OF NEVADA – LAS VEGAS**

| | |
|---|---|
| BRADLEY STEPHEN COHEN, an individual; and COHEN ASSET MANAGEMENT, INC., a California corporation,<br><br>             Plaintiffs,<br><br>      v.<br><br>ROSS B. HANSEN, an individual; NORTHWEST TERRITORIAL MINT, LLC, a Washington limited liability company; and STEVEN EARL FIREBAUGH, an individual,<br><br>             Defendants. | Case No. 2:12-cv-01401-JCM-PAL<br><br>**AGREEMENT REGARDING PROTECTIVE ORDER** |

I, _____, on behalf of myself and as an employee or expert of _____, have read the _____, 2013 Protective Order stipulated by the parties and ordered by the Court, and agree to be bound by its provisions.

DATED: _____, 2013

By _____