# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRADLEY STEPHEN COHEN, et al.,

    Plaintiff(s),

v.

ROSS B. HANSEN, et al.,

    Defendant(s).

2:12-CV-1401 JCM (PAL)

**ORDER**

Presently before the court is defendants', Steven Earl Firebaugh, Ross B. Hansen, and Northwest Territorial Mint, LLC, motion to dismiss for lack of personal jurisdiction and improper venue. (Doc. # 45). Plaintiffs', Bradley Stephen Cohen and Cohen Asset Management, Inc., filed a response in opposition (doc. # 48)[1], and defendants filed a reply (doc. # 53).

Also before the court is plaintiffs' motion for entry of clerk's default against defendant Northwest Territorial Mint, LLC. (Doc. # 51). Defendant Northwest Territorial Mint, LLC, filed a response in opposition (doc. # 55), and plaintiffs filed a reply (doc. # 59).

Also before the court is plaintiffs' motion for entry of clerk's default against defendant Steven Earl Firebaugh. (Doc. # 52). Defendant Firebaugh filed a response in opposition (doc. # 54), and plaintiffs filed a reply (doc. # 60).

Also before the court is plaintiffs' motion to strike defendants' reply to their motion to dismiss. (Doc. # 57). No response has been filed even though the deadline date has passed.

---

[1] Plaintiffs filed a supplement to their response, which this court has reviewed. (*See* doc. # 69).

**James C. Mahan**
**U.S. District Judge**

## I. Background

Plaintiff Bradley Stephen Cohen ("Cohen") resides in California. (Doc. # 40, first amended compl. at ¶ 1). He is the president and chief executive officer of Cohen Asset Management ("CAM"), a privately held California corporation. (*Id.* at ¶ 1-2). CAM "acquires, finances, operates and is involved with the disposition of industrial properties across the United States." (*Id.* at ¶ 2).

Defendant Ross B. Hansen ("Hansen") is a resident of the state of Washington and a part-time resident of Nevada. (*Id.* at ¶ 3). Defendant Northwest Territorial Mint, LLC ("NW Mint") is a Washington limited liability company. (*Id.* at ¶ 4). NW Mint is registered to DO business in Nevada and maintains a physical address and corporate offices at 80 East Airpark Vista Boulevard, Dayton, Nevada. (*Id.* at ¶ 4). Defendant Steven Earl Firebaugh ("Firebaugh") is a resident of Nevada.

In April 2012, plaintiffs discovered allegedly defamatory and malicious websites containing intentionally false and disparaging publication about plaintiffs. (*Id.* at ¶ 9). The websites, among other things, compared plaintiff Cohen to Bernie Madoff and displayed a picture with plaintiff Cohen allegedly photo-shopped with a picture of Bernie Madoff. (*Id.* at ¶ 12). The websites contained allegedly false and scandalous allegations against plaintiff CAM.

Plaintiffs allege that defendants secretly created and established the websites and intended to conceal any involvement with the websites' creation. (*Id.* at ¶ 29). Defendants allegedly created the websites in retaliation for two lawsuits regarding business leases, which defendants lost, in Washington state court. (*Id.* at ¶ 31).

Based on the foregoing, plaintiffs filed the instant complaint alleging the following causes of action against defendants: (1) defamation and defamation per se; (2) invasion of privacy/false light; (3) intentional infliction of emotional distress; (4) intentional interference with future expected business; and, (5) injunctive relief. Defendants' motion to dismiss argues that this court does not have personal jurisdiction, either general or specific, over defendant Hansen, and that venue is improper.

1  In response to the amended complaint, defendants filed the instant motion to dismiss for lack
2  of personal jurisdiction and/or improper venue. The motion is joined by and on behalf of all
3  defendants. However, the motion makes arguments concerning defendant Hansen only. The motion
4  makes no arguments pertaining to defendants Firebaugh or NW Mint. Therefore, the court discusses
5  and analyzes Hansen only.

6  **II.    Legal Standard**

7  Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a complaint for
8  "lack of jurisdiction over the person." "Where a defendant moves to dismiss a complaint for lack
9  of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is
10 appropriate." *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A court
11 evaluating such a motion may consider evidence presented in affidavits to assist its determination
12 and may order discovery on the jurisdictional issues. *Data Disc, Inc. v. Sys. Tech. Assoc.*, 557 F.2d
13 1280, 1285 (9th Cir. 1997).

14 Where a court proceeds on the basis of affidavits and without discovery and an evidentiary
15 hearing, "the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's
16 motion to dismiss." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122,
17 1129 (9th Cir. 2003). "Conflicts between parties over statements contained in affidavits must be
18 resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800.

19 "Exercise of *in personam* jurisdiction over an out-of-state defendant is limited by the Due
20 Process Clause of the Fourteenth Amendment." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d
21 1163, 1168-69 (9th Cir. 2006). "The cornerstone of the due process inquiry is an analysis of the
22 defendant's contacts with the selected forum." *Id.* An out-of-state defendant must have "minimum
23 contacts" with the forum state so that the exercise of jurisdiction does not offend "traditional notions
24 of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

25 **III.   Discussion**

26 The court finds it necessary to discuss general jurisdiction and venue only. Ultimately, the
27 court concludes that it has general over all the defendants, and that venue is proper in this forum.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

    *A.    General Jurisdiction*

A court may exercise personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum state, i.e., general jurisdiction, if the defendant has "substantial" or "continuous and systematic" contacts with the state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16 & n.9 (1984). "Presence is a well-established basis for general jurisdiction: an individual who is physically present in a state is subject to the jurisdiction of its courts on any matter." *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 921 (9th Cir. 2011) (citing *Int'l Shoe Co.*, 326 U.S. at 318).

"It is the nature and extent of the contacts that determines whether they are 'substantial' or 'continuous and systematic.' Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are among the indicia of such a presence." *Tuazon*, 433 F.3d at 1172.

Defendants essentially argue that Hansen is domiciled in Washington state and therefore does not have continuous and systematic connections to the state of Nevada. Plaintiffs counter by arguing that while domicile is a relevant consideration, a court may still exercise general jurisdiction over a defendant based on other factors that establish continuous and systematic contacts. The court agrees with plaintiffs.

Both sides agree that defendant Hansen is domiciled in Washington. However, he has enough contacts with the forum state so that this court may exercise general jurisdiction over his person. Hansen has admitted that, on average, he spends two to three days per month in Nevada. He has bank accounts in Nevada and his accounts reveal that he makes regular monthly purchases to travel to and stay in Carson City, Nevada. He travels occasionally to Las Vegas, Nevada.

In addition to regular physical presence in this state, Hansen has significant business in Nevada. He owns and operates various corporate entities headquartered or doing business in Nevada. Most significant of these entities for the purposes of this lawsuit is NW Mint. NW Mint conducts significant business in Nevada, maintains a physical address in Nevada, and has corporate offices in Nevada. Hansen is the chief executive officer and president of NW Mint. He is a 99%

controlling owner. Finally, in the Washington state court case between these two parties, the state court judge found that Hansen is the alter ego NW Mint and that he "blurred legal distinctions" between his own actions and those of NW Mint.

This court has general jurisdiction over defendant Hansen due to his substantial, continuous and systematic contacts with the forum state. Hansen's personal contacts and his business contacts with the forum state, Nevada, are such that it would not offend traditional notions of fair play and substantial justice to exercise general jurisdiction. *See Gala v. Britt*, no. 2:10-cv-00079-RLH-RJJ, 2010 WL 5248430, at *3 (D. Nev. Dec. 15, 2010) ("the Court finds that [defendants] repetitive use of Nevada's corporate laws to create and manage business entities represents sufficiently continuous and systematic contact with Nevada for the Court to exercise general jurisdiction over these Defendants.") *vacated on other grounds*, 472 Fed. App'x. 643 (9th Cir. 2012).

B.   *Venue*

28 U.S.C. § 1391(b)(1) provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. . . ." Alternatively, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. . . ." 28 U.S.C. § 1391(b)(2).

The court finds that this venue is proper under either 28 U.S.C. § 1391(b)(1) or (b)(2). All of the defendants reside in this state, though some more frequently than others. Additionally, plaintiffs have provided affidavits that make a prima facie showing that defendants created or published the websites in dispute from Nevada.

**IV.   Default**

Plaintiffs move the court to enter default judgment against defendants Firebaugh and NW Mint under Federal Rule of Civil Procedure Rule 55. These defendants have not filed an answer. Instead, they joined the motion to dismiss for lack of personal jurisdiction and/or improper venue filed by defendant Hansen.

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    Plaintiffs argue that defendants Firebaugh and NW Mint were required to file an answer
2    because the motion to dismiss does not make any arguments about the court's ability or inability to
3    exercise personal jurisdiction over them. The motion argues only that jurisdiction over Hansen is
4    improper. Defendants Firebaugh and NW Mint counter by arguing that Hansen is a necessary party
5    under Rule 19 and that their answer is otherwise tolled by joining the motion to dismiss.

6    The court finds that the public policy favoring adjudication or resolution of lawsuits on the
7    merits to be dispositive on this issue. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)
8    (noting "the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions
9    on the merits."). All defendants must now file an answer in accordance with federal rules because
10   this order disposes of the motion to dismiss.

11   Accordingly,

12   IT IS HEREBY ORDERED, ADJUDGED, DECREED that defendants' motion to dismiss
13   for lack of jurisdiction and improper venue (doc. # 45) be, and the same hereby, is DENIED.

14   IT IS FURTHER ORDERED that plaintiffs' motion for entry of clerk's default (doc. # 51)
15   be, and the same hereby, is DENIED.

16   IT IS FURTHER ORDERED that plaintiffs' motion for entry of clerk's default (doc. # 52)
17   be, and the same hereby, is DENIED.

18   IT IS FURTHER ORDERED that plaintiffs' motion to strike defendants reply to the motion
19   to dismiss (doc. # 57) be, and the same hereby, is DENIED.

20   DATED June 24, 2013.

        _____
        UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -