# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRADLEY STEPHEN COHEN, et al., | |
| Plaintiff, | Case No. 2:12-cv-01401-JCM-PAL |
| vs. | **ORDER** |
| ROSS B. HANSEN, et al., | |
| Defendants. | |

The court held a hearing on December 3, 2013, to follow up on the status of Defendants' compliance with the court's Order granting Plaintiffs' Motion to Compel (Dkt. #103). Robert Mitchell appeared telephonically on behalf of the Plaintiffs. Dean von Kallenbach appeared telephonically on behalf of the Defendants, and Allen Lichtenstein and James DeVoy appeared personally on behalf of the Defendants.

At a hearing conducted October 29, 2013, the court granted Plaintiffs' motion to compel certain discovery responses which were overdue and had not been responded to until after the motion to compel was filed. The court indicated that a preclusion sanction would be ordered, and that the court would defer a decision on any additional sanctions until Defendants had supplemented their discovery responses as ordered so that the court could evaluate the adequacy of the supplemental responses in determining what, if any, additional sanctions were warranted.

Plaintiffs filed a Supplemental Submission (Dkt. #129) requesting attorney's fees in the amount of $4,265.00 for the time spent for an associate at the rate of $285/hr. and the time spent for the partner at $425/hr., and travel costs for counsel and the client in the amount of $1,540.60, for a total monetary sanction request of $5,805.60. Defendant filed a Supplemental Response to Plaintiffs' Supplemental Submission (Dkt. #131) which argued that the Defendants made a good-faith effort to comply with the

October 29, 2013 order, had supplemented their responses as ordered, and that no additional sanctions were warranted. During the hearing counsel for Plaintiffs withdrew a portion of the amount sought for travel costs as counsel appeared telephonically and saved these costs.

Having reviewed and considered the initial moving and responsive papers, the supplemental moving and responsive papers, and the arguments of counsel at both hearings, the court is satisfied that Defendants' made a good-faith effort to comply with the court's order at the October 29, 2013 hearing. However, Defendants did not serve certain of the discovery responses at issue in the motion to compel until after the motion was filed, and did not timely file an opposition to the motion to compel. Under these circumstances, Rule 37(a)(5) mandates sanctions unless the motion was filed before attempting in good faith to obtain the disclosure or discovery without court action, the opposing party's non-disclosure response or objection was substantially justified, or other circumstances make an award of expenses unjust. The court finds that Defendants' opposition to Plaintiffs' motion to compel Defendants to supplement Google Analytics reports on an ongoing basis was substantially justified. Although the court ruled against the Defendants, the matter was a discretionary decision, and one which requested supplementation not generally required by Rule 26. The court ruled in favor of the Plaintiffs in this matter to streamline discovery and trial in the interest of judicial economy.

Among the issues resolved at the hearing on October 29, 2013, was Plaintiffs' Responses to Defendants' Second Set of Interrogatories Nos. 1 through 4. During individual Defendant Hansen's deposition, he testified that he contacted a firm and a couple of investigators who allegedly conducted a financial investigation of the Plaintiffs. However, he could not recall the name of the firm or the identity of the investigators or any contact information. He also testified that a "security guard" referred him to the investigators and firm to conduct a financial investigation. Additionally, he testified that he contacted "two different brokers" who allegedly did not want to do business with the Plaintiffs and had negative things to say about Plaintiffs. Finally, he testified he spoke to tenants who had a negative impression about Plaintiffs. However, he could not recall the names or contact information for the firm, the investigators, the security guard, the brokers, or the tenants. He testified he believed he could find the information in his files. As a result, Defendants served interrogatories requesting the name and contact information for the individuals and entities he testified about at his deposition. Hansen

answered these interrogatories indicating he could not recall the names and contact information of the firm, the investigators, the security guard, the brokers, or the tenants.  The court indicated that Hansen would be required to verify these answers and precluded from offering evidence or testimony at a hearing, in support of a motion, or at trial that he communicated with or received information from these unknown, unidentified individuals and entities as he testified, but later answered interrogatories that he could not recall and did not have the information.

The court will limit monetary sanctions to four hours of attorney time at the associate's rate of $285/hr. for a total of $1,140 for a routine motion to compel compliance with overdue discovery.  The court will also disallow the request for travel costs as the court has routinely allowed counsel for both sides to appear telephonically.

**IT IS ORDERED** that:

1. Sanctions in the amount of **$1,140** are awarded in favor of Plaintiffs against Defendants for the necessity of filing the motion to compel.
2. Defendants shall be precluded from calling any witnesses, or offering any evidence on a motion, at a hearing, or at a trial that Mr. Hansen or any other officer, director or employee or agent of Hansen :
   a. contacted a firm or investigators who allegedly conducted a financial investigation of the Plaintiffs as Mr. Hansen testified under oath during his deposition on pp. 78-83;
   b. communicated with a  "security guard" who Hansen testified referred him to the investigators;
   c. communicated with two different brokers Hansen testified at his deposition that he spoke with who did not want to do business with Plaintiffs and had negative things to say about Plaintiffs as referred to on pp. 118-122 of Hansen's deposition;

/ / /

/ / /

/ / /

        d.        communicated with tenants who allegedly spoke with Hansen regarding the Plaintiffs as Hansen testified about under oath during his deposition on pp. 169-171.

Dated this 13th day of December, 2013.

_____
Peggy A. Leen
United States Magistrate Judge