UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRADLEY STEPHEN COHEN, et al., | Case No. 2:12-CV-1401 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| ROSS B. HANSEN, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs' objection to Magistrate Judge Leen's May 8, 2014, order excluding evidence of plaintiffs' special damages.[1] (Doc. # 180). Defendants filed a response (doc. # 183) and plaintiffs filed a reply (doc. # 187).

Also before this court is plaintiffs' objection to Magistrate Judge Leen's July 15, 2014, order denying plaintiffs' motion for leave to depose Chris C. Keenan. (Doc. # 192). Defendants filed a response (doc. # 193) and plaintiffs filed a reply (doc. # 194).

**I.     Background**

This action stems from a suit in which plaintiffs asserted numerous state law tort claims. (Doc. #178). Discovery has been contentious. Magistrate Judge Leen has ordered both parties to produce or supplement discovery that they have resisted providing. Plaintiffs have consistently stated, throughout the discovery process, that they are seeking only general and presumed damages. Plaintiffs refused to produce financial information or information regarding specific monetary damages because they claimed they were not alleging actual damages.

. . .

---

[1] The parties use special damages, actual damages, quantifiable damages, and quantifiable economic harm interchangeably. For the purpose of clarity, this court will use "actual damages" when referring to all of these terms.

**James C. Mahan**
**U.S. District Judge**

1  On July 23, 2013, the court entered a written order directing plaintiffs to produce
2  documents supporting all of their theories regarding damages. (Doc. #91). The court also
3  directed plaintiffs to provide supplemental written responses to certain discovery requests. *Id.*
4  The court explained to plaintiffs numerous times that they would be precluded from using any
5  undisclosed evidence of actual damages for any purpose. Again, plaintiffs represented that they
6  did not have, were not alleging, and knew of no actual damages.

7  On October 30, 2012, defendants filed a motion for summary judgment as to the claims
8  requiring actual damages. Plaintiffs then argued, for the first time, that they suffered actual
9  damages; therefore, summary judgment was not appropriate. (Doc. #135). The court ordered
10  sanctions precluding plaintiffs from claiming or introducing any evidence of actual damages.
11  (Doc. #180).

12  **II.    Legal Standard**

13  A district judge "may reconsider any pretrial matter [adjudicated by the magistrate judge]
14  . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to
15  law." 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). The district judge may "affirm, reverse or
16  modify, in whole or in part, the ruling made by the magistrate judge." LR IB 3-1(b). Under the
17  "clearly erroneous" standard, the magistrate judge's ruling must be accepted unless, after a
18  review of the record, the court is "left with the definite and firm conviction that a mistake has
19  been committed." *United States v. Silverman*, 861 F.2d 571, 576-77 (9th Cir.1998).

20  **III.   Discussion**

21  A. *Plaintiffs' objection to Magistrate Judge Leen's May 8, 2014, order excluding evidence*
22  *of plaintiffs' special damages*

23  First, plaintiffs object to Magistrate Judge Leen's May 8, 2014, order. Plaintiffs claim
24  they did not waive their right to seek actual damages and did not act in bad faith. (Doc. #183).

25  *1. Sanctions for a failure to disclose discovery*

26  Federal Rule of Civil Procedure 26(a) requires plaintiffs to provide a "computation of
27  each category of damages claimed" and make documents or other evidentiary material available
28  for inspection and copying. Fed. R. Civ. P. 26(a)(1)(A)(iii). Parties also must "supplement or

James C. Mahan
U.S. District Judge

- 2 -

1  correct its disclosures or responses . . . in a timely manner if that party learns in some material
2  respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).
3  Undisclosed and improperly disclosed information may only be used to supply evidence on a
4  motion, at a hearing, or at trial, if the failure was substantially justified or is harmless. *See* Fed.
5  R. Civ. P. 37(c)(1); *Yetti*, 259 F.3d at 1106.

6  District courts have broad discretion to issue sanctions under Rule 37 if a party does not
7  comply with Rule 26 disclosure requirements. *See* Fed. R. Civ. P. 37(c)(1); *Yetti by Molly, Ltd.*
8  *v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Preclusion is an appropriate
9  sanction for failing to fulfill disclosure requirements. *Yetti*, 259 F.3d at 1106. When preclusion
10 sanctions amount to dismissal of a claim, however, the district court must find wilfulness, fault,
11 or bad faith, and consider the availability of lesser sanctions. *R&R Sales, Inc. v. Ins. Co. of Pa.*,
12 673 F.3d 1240, 1247 (9th Cir. 2012).

13 The Ninth Circuit has identified five factors that a district court must consider before
14 dismissing a claim: (1) the public's interest in expeditious resolution of litigation; (2) the court's
15 need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy
16 favoring the disposition of cases on their merits; and (5) the availability of less dramatic
17 sanctions. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997). Dismissal is encouraged
18 where the district court determines "that counsel or a party has acted wilfully or in bad faith in
19 failing to comply with rules of discovery or with court orders enforcing the rules." *Sigliano v.*
20 *Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).

21 Because preclusion sanctions could result in dismissal of a claim, Magistrate Judge Leen
22 applied the five principles of *Payne*. Magistrate Judge Leen found that plaintiffs' failure to make
23 required discovery disclosures concerning their damages was willful and in bad faith.
24 Accordingly, Magistrate Judge Leen found preclusion sanctions appropriate.

25 Plaintiffs repeatedly represented that they had no evidence of actual damages. Plaintiffs
26 had multiple opportunities to meet their continuing duty to disclose that they would be seeking
27 actual damages. They failed to do so. Instead, plaintiffs claimed actual damages, for the first
28 time, in response to defendants' motion for summary judgment. This strikes the court as

**James C. Mahan**
**U.S. District Judge**

disingenuous. Plaintiffs were explicitly warned that preclusion sanctions would be ordered if they violated their discovery obligations.

Magistrate Judge Leen found that allowing plaintiffs to change their position after months of representing that they 1) had no evidence of actual damages, 2) would not be seeking actual damages, and therefore 3) had no discovery disclosures of that kind, would be rewarding bad behavior and provide an unfair benefit to plaintiffs and unfair detriment to the defendants. Magistrate Judge Leen concluded that plaintiffs' failure to disclose was willful and in bad faith, and therefore, plaintiffs should be sanctioned by being prevented from bringing any evidence of actual damages.

This court finds Magistrate Judge Leen's order well within the broad discretion afforded to her to issue sanctions under Rule 37 for failure to comply with Rule 26 disclosure requirements. Magistrate Judge Leen's May 8, 2014, order is not clearly erroneous or contrary to law. Therefore, plaintiffs' objection to Magistrate Judge Leen's May 8, 2014, order is denied.

*B. Plaintiffs' objection to Magistrate Judge Leen's July 15, 2014, order denying plaintiffs' motion for leave to subpoena a deposition of Chris C. Keenan*

Second, plaintiffs also object to Magistrate Judge Leen's July 15, 2014, order because of "newly discovered" evidence of actual damages that plaintiffs want to introduce. (Doc. #193).

On July 15, 2014, Magistrate Judge Leen denied plaintiffs' motion to subpoena Chris C. Keenan for a deposition. (Doc. #185). Plaintiffs planned to use Keenan's testimony to prove actual damages. Because plaintiffs were sanctioned for their failure to disclose, they are now precluded from using evidence of actual damages.

Plaintiffs argue that this is new evidence of actual damages, which could not have been discovered at an earlier time. Defendants argue that plaintiffs should not be allowed to seek evidence of actual damages since they refused to comply with the discovery requirements regarding actual damages.

Magistrate Judge Leen's May 8, 2014, order determining that plaintiffs' failure to disclose was made willfully and in bad faith was not clearly erroneous or contrary to law. Thus, Magistrate Judge Leen's imposition of these sanctions, though harsh, is not clearly erroneous or

contrary to law. Therefore, plaintiffs' objection to Magistrate Judge Leen's July 15, 2014, order is denied.

### IV.  Conclusion

After reviewing the moving papers and the responses, the court is not left with "a definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395. Magistrate Judge Leen has not abused the "broad discretion" afforded to her. *See Tafas*, 530 F. Supp. 2d at 792. Therefore, the court declines to overturn her orders.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' objection to Magistrate Judge Leen's May 8, 2014, order excluding evidence of plaintiffs' special damages (doc. # 180) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' objection to Magistrate Judge Leen's July 15, 2014, order denying plaintiffs' motion for leave to subpoena a deposition of Chris C. Keenan (doc. # 192) be, and the same hereby is, DENIED.

DATED October 1, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**