UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRADLEY STEPHEN COHEN, et al. | Case No. 2:12-cv-01401-JCM-PAL |
| Plaintiffs, | ORDER |
| v. | (Mot for Ext Time File Disp Mots – Dkt. #198) |
| ROSS B. HANSEN, et al., | |
| Defendants. | |

Before the court is Defendants' Motion for Extension of Time to File Dispositive Motions (Dkt. #198). The court has considered the Motion, Declaration of Dean G. Von Kallenbach (Dkt. #199), Plaintiffs' Response (Dkt. #200), Defendants' Reply (Dkt. #201), and Declaration (Dkt #202).

On December 3, 2014, the court entered an Order (Dkt. #197) in response to Plaintiffs' Second Motion to Set Pretrial Conference (Dkt. #196). The order noted that the district judge had denied Plaintiffs' first motion to set a pretrial conference because a dispositive motion was pending. On May 22, 2014, the district judge entered an Order (Dkt. #181) denying Defendants' motion for summary judgment without prejudice because it addressed issues of damages which were in motion practice before the undersigned. The court decided the dispute and Plaintiffs filed a Motion for Clarification (Dkt. #179) and a Motion for Reconsideration (Dkt. #180). These motions triggered further briefing which caused the district judge to deny the motion for summary judgment without prejudice.

On October 1, 2014, the district judge entered an Order (Dkt. #195) denying Plaintiffs' objections to the undersigned's May 8, 2014, order excluding evidence of Plaintiffs' special damages and order denying Plaintiffs' motion for leave to subpoena a deposition of Chris C. Keenan. More than sixty days had elapsed since the district judge resolved the objections to the

1

undersigned's order which resulted in the denial of a motion for summary judgment without prejudice, and Defendants had not refiled a motion for summary judgment.  The court therefore ordered the parties to file a joint pretrial order which fully complies with the requirements of LR 16-3 and 16-4 no later than January 2, 2015 so that this matter can be set for trial.

In the current motion, Defendants represent that after receiving the district judge's October 1, 2014, order, counsel began revising a motion for summary judgment which he anticipated filing before Thanksgiving.  Counsel represents that he informed Cohen's counsel of his plan and did not receive an objection.  Further, counsel "experienced an unanticipated delay and now anticipates filing the revised summary judgment motion not later than December 19, 2014."   The motion points out that the order denying Hansen's motion for summary judgment did not establish a deadline for refiling the motion, and that the parties' third stipulation to extend the discovery plan and scheduling order deadline requested a fifteen-day extension of the discovery cutoff, but did not contain deadlines for filing dispositive motions or the joint pretrial order.  The motion is supported by the declaration of Dean G. Von Kallenbach who attests that he has not deliberately delayed filing Hansen's revised motion for summary judgment and has been working diligently to complete the motion.  His goal was to file it before December 19, 2014.

Plaintiffs oppose the motion arguing that the district judge's order denying the motion for summary judgment without prejudice contemplated Defendants' dispositive motion "would be filed right upon resolution of the pending motions, not many months later."  Plaintiffs argue that the Defendant did not file the motion within thirty days of the district judge's October 1, 2014, order, and therefore must establish excusable neglect to obtain the extension under Fed. R. Civ. P. 6(b)(1)(B) and LR 6-1(b).  Plaintiffs fear that if the court grants the request, the motion for summary judgment will not likely be briefed, argued and decided for at least six months to a year, if not longer, which would further delay the trial.  Additionally, Plaintiffs argue defense counsel has had over six months to revise and refile dispositive motions since the undersigned's May 8, 2014 order regarding exclusion of damages.  Finally, Plaintiffs argue dispositive motions are unnecessary because, in light of the court's rulings on special damages, Plaintiffs are no

longer pursuing their claim for intentional interference with prospective business advantage, and that Cohen Asset Management, Inc. is no longer pursing a claim for false light invasion of privacy.

Defendants reply that the district judge's May 22, 2014, order did not set a specific deadline or timeframe for Hansen to refile his motion for summary judgment.  Counsel for Defendants reply relates email exchanges indicating that counsel for Plaintiffs were aware of Defendants' intention to refile the motion for summary judgment, and were told that Hansen's counsel anticipated filing the motion before the Thanksgiving holiday. Plaintiffs' counsel objected to filing the motion later than Thanksgiving and the email exchanges establish that Cohen's counsel wanted to get the briefing on a motion for summary judgment completed before February 2015.  Hansen's counsel argues that his failure to meet the November 27, 2014, deadline to refile his motion for summary judgment was due to unforeseen circumstances, not bad faith.. Finally, counsel for Defendants argue the motion for summary judgment is necessary, notwithstanding the court's rulings on damages, to challenge Cohen's personal claim for false light/invasion of privacy and the Plaintiffs' claim for defamation, and defamation per se which require proof of actual damages.

Having reviewed and considered the matter, the court will grant Defendant's request for an extension to December 19, 2014, to file a revised motion for summary judgment.  The court's review of the parties' email exchanges clearly indicate that counsel for the parties discussed Defendants' intention to file a revised motion for summary judgment but neither party addressed the issue with the court.  Both sides are responsible for the failure to address the deadline for filing dispositive motions in the third extension of the discovery plan and scheduling order deadlines.  Both sides are responsible for failing to address the deadline for refiling the motion for summary judgment after the district judge's October 1, 2014 order.  Local Rule 26-1(e) does not address when a motion for summary judgment, denied without prejudice because of pending motions, must be refiled.

However, to avoid any further delay in setting a trial date, the court will require the parties to file the joint pretrial order on January 2, 2015, and set a briefing schedule to conclude

3

briefing on the motion for summary judgment by February 2015, as counsel for Plaintiffs requested in email exchanges with opposing counsel.

**IT IS ORDERED** that:

1. Defendants' Motion for Extension of Time to File Dispositive Motions (Dkt. #198) is **GRANTED** and Defendants shall have until December 19, 2014, in which to refile a motion for summary judgment.

2. The parties shall be required to file a joint pretrial order by January 2, 2015, as ordered.

3. The response to the motion for summary judgment shall be due **January 12, 2015.** The reply shall be due **January 26, 2015.**

DATED this 19th day of December, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4