UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRADLEY STEPHEN COHEN, et al.,<br><br>Plaintiffs,<br>v.<br>ROSS B. HANSEN, et al.,<br><br>Defendants. | Case No. 2:12-cv-01401-JCM-PAL<br><br>ORDER<br><br>(Mot Compel #229) |

The court held a hearing on Plaintiff's Motion to Compel Defendants to Produce Financial Records (Dkt. #229) on September 1, 2015. Robert Mitchell appeared on behalf of the Plaintiffs, and John Aldrich and Dean von Kallenbach appeared on behalf of the Defendants. The court considered the Motion, Defendants' Opposition (Dkt. #230), Plaintiff's Reply (Dkt. #233) and the arguments of counsel at the hearing. At the hearing counsel for Plaintiffs provided the court with a letter dated August 25, 2015, from opposing counsel with attached records produced after the motion was filed shortly before the hearing.

After hearing the arguments of counsel, the court indicated that the motion to compel would be granted, but that the court would consider the scope of relief ordered after reviewing the supplemental discovery produced by the Defendants just prior to the hearing. The court also directed counsel for Plaintiffs to submit a proposed order outlining the relief requested. The court indicated that a written order would be entered if the case was not resolved at a settlement conference set the following day on September 2, 2015. The parties did not settle, and the court has now reviewed Plaintiffs' Proposed Order (Dkt. #236) as well as the letter and supplemental responses.

Discovery in this case has been contentious and the court has resolved many discovery disputes. In an Order (Dkt. #63) entered April 18, 2013, the court granted Plaintiffs' motion to

compel production of documents and set a discovery and dispute resolution conference for Tuesday, May 7, 2013, to address any ongoing disputes because, among other reasons, the district judge had recently granted Plaintiffs' motion to amend the complaint to add Defendant Steven Firebaugh, and Firebaugh's responses to discovery requests were not yet due. At the April 18, 2013 hearing, the court also addressed Plaintiffs' Request for Production of Documents No. 10 which requested financial records relevant to Plaintiffs' punitive damages claims. Defendants Hansen and Northwest objected to responding to these requests. The court advised counsel that the court's practice with respect to financial records relevant to punitive damages claims was to require the parties to serve responsive records after decision of dispositive motions if any punitive damages claims survived.

At the status and dispute resolution conference on May 7, 2013, the parties reported on their ongoing discussions and supplementation of discovery. The court continued the status conference until May 21, 2015, directing the parties to file a joint status report by May 17, 2013, with respect to any outstanding disputes that had not yet been resolved. The Joint Status Report (Dkt. #67) was filed May 17, 2013. The status conference was vacated as the parties reported that additional documents had been produced and there was nothing further for the court to consider.

On June 9, 2015, the district judge entered an Order (Dkt. #228) granting in part and denying in part Defendants' motion for summary judgment. Two punitive damages claims for defamation per se and false light invasion of privacy survived summary judgment. As a result, on July 16, 2015, Plaintiff's counsel sent a letter to Defendants' counsel requesting that Defendants comply with the court's April 16, 2013 Order (Dkt. #63) concerning production of financial documents relevant to punitive damages claims. Specifically, Plaintiffs requested: (1) the last three years of Defendants' financial statements; (2) the last three years of Defendants' state and federal tax returns; and (3) the last three months of Defendants' bank account statements. According to the motion to compel, Defense counsel responded that he believed Plaintiffs were entitled to these financial records but Defendants refused to produce them. Plaintiffs therefore sought an order of the court compelling Defendants Northwest Territorial

Mint, LLC, Hansen and Firebaugh to produce copies of the requested financial records, and a sworn declaration that the records were true, correct and actual copies in advance of the scheduled September 2, 2015, settlement conference.

Defendants Northwest, Hansen and Firebaugh opposed the motion pointing out that Plaintiffs did not seek permission to reopen discovery before serving their demand for these financial documents. However, on the merits, counsel for Defendants argued that many of the documents requested did not exist. Plaintiffs' counsel did not believe these representations and demanded that Northwest prepare and sign an IRS Form 4506 authorizing the release of any tax returns filed during the last three years to verify the representation that no tax returns were filed. Counsel for Northwest advised the court that Northwest would provide copies of its bank statements for the last three months within the next few days and would provide the requested forms and documents within the next few days in addition to a signed IRS form 4506.

Plaintiffs Replied (Dkt. #233) that Defendants did not and could not dispute the relevance of their financial records to the punitive damages claims that survived summary judgment, and that the opposition did not address Defendant Firebaugh's financial records. The reply asks that the court order Firebaugh to produce: (1) three years of his financial statements or prepare and produce an equivalent with supporting documents including 1099s, W-2s, K-1s, loan applications, list of assets and liabilities, etc.; (2) signed federal and state tax returns for the last three years or signed forms allowing Plaintiffs to confirm that Firebaugh did not file tax returns; (3) the last three months of account statements for all of his bank accounts, brokerage accounts and commodities accounts; and (4) a sworn declaration from Firebaugh that these his financial records are complete, true, and correct and actual copies in the form attached as an exhibit to the reply. Plaintiffs also ask that if Firebaugh fails to produce any financial records, that Plaintiffs be permitted an opportunity to depose him prior to the scheduled settlement conference about his current financial circumstances and net worth.

With respect to Hansen's financial records, Plaintiffs' reply requests an order requiring Hansen to produce: (1) the last three years of his financial statements, or prepare and produce an equivalent through QuickBooks or other accounting software with supporting documents

including 1099-INT, 1099-DIV, 1099-MISC, 1099-S, 1099-C, 1099-G, 1099-R, W-2s, K-1s, loan applications, list of assets and liabilities, list of precious metals owned, etc.; (2) three years of signed federal and state tax returns or signed federal and state forms allowing Plaintiff to confirm that Hansen did not file tax returns for the last three years; (3) the last thirty-six months of account statement for all of his bank accounts and brokerage and commodities accounts; and (4) a sworn declaration from Hansen that the financial records produced are a complete, true, and correct and actual copies in the form attached as Exhibit 2 to the reply. Similarly, Plaintiffs request that if Hansen fails to produce these financial records, that Plaintiffs have an opportunity to depose Hansen about his current financial circumstances and net worth.

With respect to Northwest Territorial, Plaintiffs question the representation that a full service mint and precious metals dealer who employed a certified public accountant, and does business in nationwide locations and worldwide, does not have the records requested. Plaintiffs therefore request an order for Northwest Mint to produce: (1) accounting and auditing records, including its general ledger, for the last three years, and if no records exist, to prepare and produce financial statements or an equivalent with supporting documentation; (2) signed federal and state tax forms allowing Plaintiffs to confirm that Northwest did not file tax returns for the last three years in any states in which Northwest Mint has a location; (3) account statements for the last thirty-six months of all of its bank accounts, brokerage account and commodities accounts; and (4) for its CPA, Samuel Furuness, to submit a sworn declaration that the bank account statements produced are complete, true, and correct and actual copies in the form attached as Exhibit 3 to the reply. Plaintiffs request that the Defendants be ordered to produce the documents no later than August 22, 2015, one week before the September 2, 2015, settlement conference. Plaintiffs also request that the court sanction the Defendants by issuing monetary penalties and/or striking Defendants' answer and affirmative defenses under Rule 16(f) and 37(a)(5), (b)(2), (c)(1), and (d).

Briefing on the motion to compel did not close until August 19, 2015, when Plaintiff's filed their reply. The matter was set for a hearing on the court's next available date, September 1, 2015. It was set the day before the settlement conference so that the court could consider the

motion without first reviewing the parties' confidential settlement statements.  At the hearing on the motion to compel, counsel for Defendants emphasized that Plaintiffs had changed position with respect to the documents requested from their initial Request for Production No. 10, to the requests made in the July 16, 2015 letter forwarded by counsel for Plaintiffs.  Defendants responded to the July 16, 2015 letter by producing the documents requested or indicating they did not exist.  Defendants also provided Plaintiffs' counsel with executed IRS form 4506s, authorizing Plaintiffs to contact the IRS and obtain any of the tax filings for the last three years as requested, to confirm that no such returns had been filed with respect to Hansen and Northwest Mint.  Steven Firebaugh produced his bank statements for the three month period requested and responded he did not have financial statements.  Firebaugh also produced his income tax returns for 2013 and 2014, but was unable to find a copy of his 2012 income tax return.

Having reviewed and considered the moving and responsive papers and arguments of counsel,

**IT IS ORDERED** that:

1. Plaintiffs' Motion to Compel (Dkt. #229) is **GRANTED in part** and **DENIED in part**.
2. The Motion to Compel is **GRANTED** to the extent that Defendants Hansen and Northwest Territorial Mint shall have until **October 13, 2015** to serve supplemental responses to Request for Production of Documents No. 10 and provide copies of documents responsive to Request No 10.  The supplemental responses shall fully and completely address the requests for bank account statements, brokerage account statements, commodities statements, tax returns and financial statements, including profit and loss statements and balance sheets for the periods January 1, 2011, through the present.  Defendants shall respond, in writing, under penalty of Fed. R. Civ. P. 26(g), certifying that to the best of the person's or entity's knowledge, information and belief, **formed after a reasonable inquiry,**. the discovery response and supplemental disclosures are complete and correct at the time it is made.

5

3. Reasonable attorney's fees and costs will be awarded to counsel for Plaintiffs for the necessity of filing this motion to compel.

   A. Counsel for Plaintiffs shall, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in bringing its motion. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the attorney(s) or staff member(s) customary fee for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

   B. Counsel for Defendants shall have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

4. Defendants will be precluded from using or referring to any financial records that have not been produced pursuant to this order at trial, in motion practice, or for any other purpose to support their defense to Plaintiffs' claims, including punitive damages.

5. Any request for relief not specifically addressed in this order is **DENIED**.

DATED this 30th day of September, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

6