UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRADLEY STEPHEN COHEN, et al., | Case No. 2:12-CV-1401 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| ROSS B. HANSEN, et al., | |
| Defendant(s). | |

Presently before the court is defendants Northwest Territorial Mint, LLC, Ross Hansen, and Steven Firebaugh's motion for a continuance of trial. (Doc. # 296). Plaintiffs have not filed a reply. A jury trial in this matter is currently set for January 4, 2016.

This is defendants' first formal request to continue trial. The court notes, however, that it gave the parties an opportunity to commence trial on the previously set trial date of November 2, 2015, and defense counsel represented that he was not prepared to try the case at that time.

Defendants request a continuance because defendant Ross Hansen underwent intensive shoulder surgery on December 18, 2015. (*See* Decl. Ross Hansen, doc. # 297 at 3). Mr. Hansen resides in the state of Washington. (Doc. # 296 at 4). Dr. Robert Carlson, Hansen's surgeon, represents that defendant Hansen cannot travel for six weeks after surgery, or until late January, 2016, because his upper body is immobilized and his re-injury risk is high.[1] (*See* decl. Dean G. von Kallenbach, doc. # 298, exh. A at 1). Dr. Carlson also represents that Hansen is prescribed

---

[1] Hansen first injured his shoulder in 2013. After undergoing extensive reconstruction surgery, Hansen reinjured his shoulder in 2015. He underwent a second surgery on January 7, 2015. His rehabilitation from that surgery was unsuccessful, necessitating the most recent surgery. (*See* decl. von Kallenbach, Exh. A at 1).

**James C. Mahan**
**U.S. District Judge**

1  post-surgery narcotics that will limit his cognitive ability. (*See* decl. von Kallenbach, doc. # 298, exh. A at 1).

Defendants argue that Hansen is a key witness for the defense because he is responsible for the website in question's development. (Doc. # 296 at 5). He will be the primary witness at trial. (*Id.*). Plaintiffs also intend to call Hansen as their first witness. (*Id.*). Defendants suggest that Mr. Hansen will be unavailable to testify and would be unfit to do so in any event, due to his narcotic medication. (*Id.*).

Defendants state that they have been diligent in trial preparation, do not seek this continuance because they need more time to prepare, and do not do so for purposes of delay. (*Id.*). Defendants expect that plaintiffs will vehemently oppose the continuance, arguing that Hansen elected to have the surgery for purpose of delay. (*Id.*). In anticipation of those arguments, Hansen, via declaration, states that Dr. Carlson strongly recommended that he undergo surgery in October of 2015. (*See* Decl. Hansen, doc. # 297 at 2). He claims that because of the November 2, 2015, trial date, he told Dr. Carlson that the surgery would have to wait. (*Id.*).

Hansen indicates that after he learned the November 2, 2015, trial date had been continued to January 4, 2016, he immediately contacted Dr. Carlson and asked him to schedule the shoulder surgery as soon as possible because his shoulder pain was interfering with his performance of daily activities. (*Id.*). Due to pre-operative diagnostic tests, the earliest available surgery date was December 18, 2015. (*Id.*). Finally, Hansen states that he discussed the possibility of postponing the surgery past the January 4, 2016, trial date. (*Id.* at 3). Dr. Carlson strongly recommend no further delay, warning Hansen that any further delay could result in irreparable damage to his shoulder. (*Id.*). Dr. Carlson's letter attached to defense counsel's declaration confirms Mr. Hansen's statements. (Decl. von Kallenbach, doc. # 298, Exh. A at 1).

Finally, defendants argue that there are 11 criminal trials on the January 4, 2016, trial stack, which take priority over civil matters, making the trial date uncertain.

"The decision to grant or deny a continuance lies within the discretion of the Court." *Rios-Berrios v. I.N.S.*, 776 F.2d 859, 862 (9th Cir. 1985). The court should generally consider four factors in deciding whether to grant a continuance: "(1) the likelihood a continuance would satisfy

**James C. Mahan
U.S. District Judge**

- 2 -

1. the need for which it was requested; (2) the inconvenience to the court, parties, and witnesses; (3) the extent of harm to the movant resulting from the denial of a continuance; and (4) the movant's diligence in readying his case for trial." *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir. 2010).

The court finds that Mr. Hansen will not be available as a witness. Even if Mr. Hansen were able to travel and appear in court despite his lack of upper body mobility, he will not be competent to testify given his use of a narcotic prescription. As a key witness for all parties, harm will ensue with respect to both the movant and non-movant parties. Furthermore, Hansen and Dr. Carlson represent that a continuance to a trial date beyond January, 2016, will satisfy the need for which it was requested. Inconvenience to the court, parties, and witnesses is mitigated by the fact that criminal trials on the same January 4, 2016, trial stack may take precedence over this civil matter, regardless of the continuance requested.

The court notes that both parties to this 3-year old matter have engaged in what the court considers dilatory conduct. Nevertheless, the court finds that defense has been diligent in its preparation for trial since the time at which dispositive motions were resolved. Furthermore, this is defendants' first request for a continuance of trial dates.

Good cause appearing, this court will grant defendants' motion for a continuance of trial and continue the trial thirty-five (35) days to February 8, 2016.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Northwest Territorial Mint, LLC, Ross Hansen, and Steven Firebaugh's motion for a continuance of trial (doc. # 296) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the jury trial currently scheduled for January 4, 2016, at 9:00 A.M. be vacated and continued to **February 8, 2016, at 9:00 A.M.**

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   IT IS FURTHER ORDERED that the parties shall appear for calendar call on **February 3, 2016, at 1:30 P.M.**

DATED December 24, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**