UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRADLEY STEPHEN COHEN, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>ROSS B. HANSEN, et al.,<br><br>Defendant(s). | Case No. 2:12-CV-1401 JCM (PAL)<br><br>ORDER |

Presently before the court is plaintiffs Bradley Stephen Cohen and Cohen Asset Management, Inc.'s motion for reconsideration of the court's order continuing trial. (Doc. # 300). Defendants have not filed a response.

On December 22, 2015, defendants Ross B. Hansen, Steven Earl Firebaugh, and Northwest Territorial Mint, LLC filed a motion to continue the trial in the matter. (Doc. # 296). The trial was then set for January 4, 2016. On December 24, 2015, the court granted that motion, continuing the trial to February 8, 2016. (Doc. # 299). The court found that defendant Hansen would be unavailable as a key witness for both parties due to recovery from a shoulder surgery. (*Id.*). Because Hansen is both unavailable for travel to the district and on post-surgery mediation that affects his cognitive ability, the court found that harm would ensue to both parties. (*Id.* at 3). Further, the court found that the continuance would satisfy the need for which it was requested, defendants had been diligent in trail preparation,[1] and that inconvenience to the parties was

---

[1] The court refers plaintiffs to its December 24, 2015, order. With respect to the parties' cross-allegations of dilatory conduct, the court has already noted that it believes *both* parties have engaged in substantial dilatory conduct. (Doc. # 299 at 3).

**James C. Mahan**
**U.S. District Judge**

1  mitigated by the fact that criminal trials on the same January 4, 2016, trial stack, which take
2  precedence over civil matters, were likely to result in a continuance of this case in any event. (*Id.*).

3  Plaintiffs now move the court to reconsider that order. (Doc. # 300). They argue that
4  defendant Hansen elected to have a surgery for a non-life threatening condition for purposes of
5  delay, that defendants have not been diligent in their preparation for trial, that the continuance
6  inconveniences the parties and other witnesses, and that Hansen could appear at trial as a witness
7  telephonically if he is not able to travel. In the alternative, plaintiffs request that if the court affirms
8  its order, that it re-schedule the trial for as early as possible and enjoin defendants from filing any
9  additional motions, for continuances or otherwise, before the trial date.

10  "The decision to grant or deny a continuance lies within the discretion of the Court." *Rios-*
11  *Berrios v. I.N.S.*, 776 F.2d 859, 862 (9th Cir. 1985). The court should generally consider four
12  factors in deciding whether to grant a continuance: "(1) the likelihood a continuance would satisfy
13  the need for which it was requested; (2) the inconvenience to the court, parties, and witnesses; (3)
14  the extent of harm to the movant resulting from the denial of a continuance; and (4) the movant's
15  diligence in readying his case for trial." *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir.
16  2010).

17  Having *re*considered the factors listed above, the court once again finds that the
18  continuance will satisfy the need for which it was requested, inconvenience is mitigated by the fact
19  that the precedence of criminal matters would likely have resulted in a continuance anyway, harm
20  would ensue to *both* parties, and that defendants, up until this delay, have been diligent in trial
21  preparation.

22  Plaintiffs argue that the court's concern about harm resulting from Hansen's inability to
23  testify is misplaced because he could appear telephonically. However, as the court noted several
24  times in its December 24, 2015, order, Hansen is currently on post-surgery medication that affects
25  his cognitive ability. The court will not begin a trial in which a key witness's competency is in
26  question. Allowing the witness to appear telephonically would further disadvantage the court in
27  evaluating Mr. Hansen's competency to testify for either party. The harm that would ensue from
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

allowing the trial to proceed without Mr. Hansen as a witness or with Mr. Hansen as an incompetent witness outweighs any inconvenience to the parties, court, or witnesses.

Plaintiffs also request that the court set trial for the earliest practicable date and enjoin defendants from filing further motions.[2] Trial had been set for two different trial dates (November 2, 2015 and January 4, 2016) before the court's December 24, 2015, order. In the weeks leading up to both trial dates, defendants filed numerous pretrial motions, one of which (doc. # 289) was not timely. Defendants having had two opportunities spread over seven months to file pretrial motions in anticipation of a jury trial, and having represented that counsel was diligent in trial preparation in both instances, the court finds that defendants have no reason to file additional pretrial motions before the February 8, 2016, trial date. The time period for filing pretrial motions shall therefore be closed, and neither party shall file new motions absent exigent circumstances. Both parties can of course make any evidentiary objections at trial.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Bradley Stephen Cohen and Cohen Asset Management, Inc.'s motion for reconsideration of the court's order continuing trial (doc. # 300) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the time period for filing pretrial motions is CLOSED.

DATED December 30, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that trial is currently set for the next available trial date, February 8, 2016.

**James C. Mahan**
**U.S. District Judge**

- 3 -