1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7   BRADLEY STEPHEN COHEN, et al.,                    Case No. 2:12-CV-1401 JCM (PAL)

8                                      Plaintiff(s),              ORDER

9          v.

10  ROSS B. HANSEN, et al.,

11                                     Defendant(s).

12

13        Presently before the court is defendants Ross B. Hansen, Northwest Territorial Mint, LLC,

14  and Steven Earl Firebaugh's emergency motion to stay execution of judgment. (Doc. # 349).

15  Plaintiffs Bradley Stephen Cohen and Cohen Asset Management, Inc. filed a response. (Doc. #

16  351).  Defendants did not file a reply, and the time for doing so has passed. (Doc. # 368).

**I.        Background**

17        Plaintiffs initiated this matter after defendants created a defamatory website comparing

18  plaintiff Stephen Cohen to notorious fraudster Bernie Madoff. On February 8, 2016, plaintiffs

19  proceeded to trial against defendants on claims for defamation per se and false light invasion of

20  privacy. The jury returned a verdict on February 17, 2016. (Doc. # 325). The jury found in

21  plaintiffs' favor on each claim against each defendant and awarded plaintiffs damages from each

22  defendant. The court entered judgment on March 1, 2016. (Doc. # 331).

23        Defendants have filed a motion for relief under Federal Rules of Civil Procedure ("Rules")

24  59 and 60(b). Defendants now request that plaintiffs' execution of the judgment against them be

25  stayed pending the disposition of its Rule 59 and 60(b) motion. Defendants ask that the stay be

26  unsecured. (Doc. # 349 at 5).

**II.       Legal Standard**

27        A court may stay execution of its judgment when it is necessary to accomplish the ends of

28  justice, to protect the rights of the parties, or for other good cause. *In re Wymer,* 5 B.R. 802, 806

**James C. Mahan**
**U.S. District Judge**

(9th Cir. 1980). *See also Lineker v. Dillion,* 275 F. 460, 470 (N.D. Cal. 1921). Pursuant to Federal Rule of Civil Procedure 62(b), a court may "stay the execution of a judgment–or any proceedings to enforce it–pending disposition of...[a] motion under Rule 59, for a new trial or to alter or amend a judgment; or Rule 60, for relief from a judgment or order."

"The considerations in determining whether to grant or deny the requested relief are three-fold: (1) Have the movants established a strong likelihood of success on the merits? (2) Does the balance of irreparable harm favor the movants? (3) Does the public interest favor granting the injunction?" *Warm Springs Dam Task Force v. Gribble*, 565 F.2d 549, 551 (9th Cir. 1977) (citing *Alpine Lakes Protection Society v. Schlapfer* 518 F.2d 1089, 1090 (9th Cir. 1975)).

Such a stay can only be granted "[o]n appropriate terms for the opposing party's security." *Id.* An unsecured stay is disfavored under Rule 62(b). *See, e.g.*, *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D. S.C. 1984) ("Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial.") (citing cases). Nevertheless, while security should be provided "in normal circumstances," a district court in its discretion may grant an unsecured stay in "unusual circumstances," where the granting of such a stay will not "unduly endanger the judgment creditor's interest in ultimate recovery." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760–61 (D.C. Cir. 1980) (addressing stay pending appeal pursuant to Rule 62(d)); see also *In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) (recognizing district court's discretion to grant unsecured stay under Rule 62(d)).

**III.    Discussion**

The court will first analyze the three factors enumerated in *Warm Springs Dam* to determine whether defendants are entitled to a stay. *See* 565 F.2d at 551. Then, the court will then determine whether an unsecured stay is appropriate given the financial condition of defendants and the size of the damages award in this matter.

First, the court finds that the likelihood of success on the merits is low. Defendants argue that the court erred by admitting plaintiffs' evidence of loss of business and by instructing the jury that presumed damages should be awarded in an amount reasonably calculated to compensate plaintiffs for, amongst other things, loss of business. They argue that the jury's award is excessive, that loss of business evidence speaks to actual damages—which plaintiffs were precluded from

**James C. Mahan**
**U.S. District Judge**

- 2 -

offering evidence of by court order—, and that the jury was unduly influenced by evidence of actual, compensatory damages as a result of the admitted evidence and the instruction.

Under Nevada's defamation *per se* scheme, a plaintiff who proves that a statement is defamatory *per se* is entitled to presumed damages "for the harm which normally results from such a defamation." *K-Mart Corp. v. Washington*, 109 Nev. 1180, 1195 (Nev. 1993) (quoting *Gertz v. Robert Welch, Inc.*, 94 S. Ct. 2997, 3023, (1974)). "Damages are presumed "because of the impossibility of affixing an exact monetary amount for present and future injury to the plaintiff's reputation, wounded feelings and humiliation, *loss of business*, and any consequential physical illness or pain." *Id.* (quoting *Gertz*, 94 S. Ct. at 3023, n. 4) (emphasis added).

Although the damages are presumed because of the "impossibility of affixing an exact monetary amount," a plaintiff seeking only presumed damages is not precluded from offering evidence of loss of reputation. The evidence goes to both the *per se* liability and the actual loss of reputation that underlies the theory of presumed damages. *See Nevada Indep. Broad. Corp. v. Allen,* 99 Nev. 404, 418, (1983) ("The award must be supported by competent evidence, though not necessarily of the kind that "assigns an actual dollar value to the injury." (quoting *Gertz*, 94 S. Ct. at 3011−12)). The fact that that evidence offered here supports a valid basis for presumed damages under *K-Mart*, *i.e.* loss of business, only supports the court's admission of the evidence and instructions.

Based on the foregoing analysis, the court finds that defendants' likelihood of success on their motion for new trial is low. Turning to the balance of the harms, the court finds that likelihood of irreparable injury weighs in plaintiffs' favor. In the same breath, defendants assert that they are both financially capable of paying the awards and that "execution of the judgment would likely destroy defendants." (Doc. # 349 at 4). Defendants' argument that the court's giving of an adverse inference instruction with respect to defendants' ability to pay punitive damages is evidence that the defendants can actually pay the awards is meritless.

Defendants' assertion that execution of judgment on the awards would create a significant burden on defendants is also unavailing. Many monetary judgments constitute a significant burden on the judgment debtor, and burden alone is not evidence of irreparable injury. Moreover, it is not clear that defendants are unable to pay the awards.

For instance, defendant Hansen testified that Northwest Territorial Mint produced revenue of $80,000,000.00 in 2015, and defendant Firebaugh testified that he had several hundred thousand

**James C. Mahan**
**U.S. District Judge**

dollars of equity in his home. (*See* doc. # 351-1 at 7, 9).     Furthermore, defendants have not provided any indication that plaintiffs would be unable to return any funds collected in execution of the judgment were the court to grant the motion for a new trial.

Finally, the imposition of a stay does not advance the public interest. Defendants offer no argument on this factor. Generally, execution of judgments on awards reasonably calculated by a jury after a trial on the merits is in the public interest. A plaintiff in a civil action is entitled to collection of the amounts awarded to him, whether the damages are compensatory or of a punitive nature. Defendant has not made any argument as to why the public's interest would be served by staying execution of judgment in this context of this case. Accordingly, the court finds that the public's interest is best served by denying defendants' motion.

The court has considered the factors laid out in *Warm Springs Dam*. *See* 565 F.2d at 551. All three factors weigh in favor of denying the request for relief. Defendants are not entitled to a stay, unsecured or otherwise, and the court will deny their motion to stay execution of judgment pending resolution of their motion for new trial.

## IV.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Ross B. Hansen, Northwest Territorial Mint, LLC, and Steven Earl Firebaugh's emergency motion to stay execution of judgment (doc. # 349) be, and the same hereby is, DENIED.

DATED April 8, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**