FILED

JAN 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRADLEY STEPHEN COHEN; COHEN ASSET MANAGEMENT, INC., a California Corporation,<br><br>  Plaintiffs-Appellees,<br><br>v.<br><br>ROSS B. HANSEN; STEVEN EARL FIREBAUGH,<br><br>  Defendants-Appellants. | No.   16-15943<br><br>DC No. CV 12-1401 JCM<br><br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted September 13, 2018
San Francisco, California

Before:    TASHIMA, RAWLINSON, and WATFORD, Circuit Judges.

Defendant-Appellant Ross Hansen was found liable for defamation *per se* and false light invasion of privacy after he created a website comparing Bradley Cohen and Cohen Asset Management ("CAM") to Bernie Madoff and his Ponzi

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

scheme. Cohen and CAM sought only presumed damages at trial, and a jury awarded a multimillion-dollar judgment. Hansen appeals from the judgment and the district court's denial of his motion for a new trial. He argues that certain evidence introduced at trial violated a magistrate judge's order precluding evidence of "quantifiable economic harm."[1] He also argues that Nevada law does not allow "loss of business" to serve as a basis for presumed damages. We affirm.[2]

**1.** "[A]n award of presumed general damages must still be supported by competent evidence but not necessarily of the kind that assigns an actual dollar value to the injury." *Bongiovi v. Sullivan*, 138 P.3d 433, 448 (Nev. 2006) (internal quotation marks and citations omitted). Furthermore, the magistrate judge's order only prohibited the introduction of evidence of *quantifiable* economic harm; it did not prohibit evidence of *any* economic harm whatsoever.

At the beginning of the trial, the district court instructed Hansen's trial counsel to object if evidence that violated the order was introduced so that the court could rule on its admissibility at that time. Hansen's counsel agreed to do so,

---

[1] The order was issued as a discovery sanction and affirmed by the district judge.

[2] After this appeal was filed, Firebaugh filed a voluntary petition for bankruptcy under Chapter 13, in the United States Bankruptcy Court for the District of Nevada, No. 16-51352. Therefore, pursuant to the automatic stay, 11 U.S.C. § 362(a), this disposition does not address or decide the appeal as to Defendant-Appellant Firebaugh.

but never objected on the ground that the preclusion order had been violated. Cohen testified that: (1) CAM lost "a $21 million dollar deal," allegedly because of the website; (2) his insurance provider did not want to renew his policy because of the website, but Cohen did not mention a specific dollar figure and the provider eventually did insure him; (3) one client was investing approximately $130 million with CAM at the time the website was online; and (4) he was so intent on making the website less prominent in internet search results that he spent $100,000 to $200,000 on search engine optimization. Cohen and CAM's evidence of economic harm was the type of competent evidence that served as a basis for Cohen and CAM's presumed general damages. The district court did not err by allowing its admission.

2. Under Nevada law, evidence of "loss of business" can serve as the basis for presumed damages in defamation *per se* cases. "General damages are presumed upon proof of the defamation alone . . . 'because of the impossibility of affixing an exact monetary amount for present and future injury to the plaintiff's reputation, wounded feelings and humiliation, **loss of business**, and any consequential physical illness or pain.' " *Bongiovi*, 138 P.3d at 448 (emphasis added) (quoting *K-Mart Corp. v. Washington*, 866 P.2d 274, 284 (Nev. 1993)). The district court instructed the jury that loss of business could serve as the basis for

3

presumed damages. Hansen did not object to the jury instructions or accompanying special interrogatories; in fact, he stipulated to proposed jury instructions that included "loss of business" as a basis for presumed damages. The language of the jury instructions was correct under Nevada law, and thus did not mislead or confuse the jury. The district court did not plainly err by including such language in the unobjected-to jury instructions or the special interrogatories.

• ● •

The judgment of the district court is **AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1) A. Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ► A material point of fact or law was overlooked in the decision;
  - ► A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ► An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

Post Judgment Form - Rev. 12/2018  2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** _____ **Date** _____

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) (*Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief*) | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 10** *Rev. 12/01/2018*